My name is Jesse Cantor. May it please the court, I represent Andrew Harris. To understand the errors in this case, I think we need to categorize the charge defenses into three groups. The first group pertains to the first counts that target Mr. Harris for controlled heroin purchases and that would be count ones and count one and two from 2014. The second count or the second category would be the charge defenses related to the hotel room and that would be counts three, four, five, and six. And then the final group would be count seven, which relates to the firearm count from the storage unit. And the count that I want to focus on is the firearm count from count seven and that's because it sets the stage, it sets the stage for singling Mr. Harris out as being the only one who's a convicted felon of the group. It sets the stage for singling Mr. Harris out as being a convicted felon right after the trial judge made specific findings that such evidence would prevent Mr. Harris from having a fair trial, hence bifurcation. Alito Are you referring to the district court's decision to bifurcate count six? Cantor Yes. And so the first Alito But wasn't that, isn't that, that's totally within the district court's discretion as to whether or not to, to bifurcate or to sever as you were requesting with seven. It doesn't have to do so. It's a little bit interesting that one is, but one isn't in this case, but how is that going to create some type of a reviewable error on your, in your mind? Cantor Sure. So once the judge, once the district court judge removed count six pretrial from the jury's consideration, that left count seven with absolutely no commonality with the other counts. So what we had here is the trial court judge pretrial making findings that the status of Mr. Harris as a convicted felon would prevent him from having a fair trial, hence bifurcation. And the judge made that clear in the record. Pretrial, we then renewed our motion for severance because at that point, count seven had absolutely no commonality with the remaining counts. And therefore the court had the same problem, didn't it? Cantor I'm sorry? Breyer Didn't it have the same problem? Cantor It did have the same problem. Breyer Is count six. Cantor It did have precisely the same problem, because what now we have is the jury now having a count that labels Mr. Harris as a convicted felon, which was precisely the type of evidence that the trial judge wanted to dispel. Kagan You can't conflate, though, prejudicial with relevant. You know, unfortunately, that's who your client is. So, you know, you can't always scrub everything to the point where you want it. So it's, it's, there's nothing untrue about it. Cantor Well, the problem that I see here is that when we have a trial judge making a decision that, look, it's bad that the defendant is being accused of being a drug dealer with a firearm, but it's much worse when you are accusing this defendant of being a drug dealer with a firearm that's not even supposed to possess a firearm in the first place because he's a convicted felon. And what the trial judge specifically said was, with that in mind, let's remove count 6 from the jury's consideration. And when we do that, then we don't have to worry about the jury hearing this additional evidence that otherwise would not be admissible, specifically the evidence of Mr. Harris being a convicted felon. And that's what the judge was troubled about. We know that because the judge also denied the government's motion to introduce the 404b as prior history under 404b. And the judge did that because, again, it came down to prejudice. So then, when we get to the question of, well, what do we do about the felon in possession of a firearm count, what the judge specifically focused on, and it's at ER 33, the Court concludes that the degree of prejudice under 403 would prevent the defendant from having a fair trial. That's manifest prejudice. That's what the judge is saying, if we look at the definition of manifest prejudice. And the judge went even further because then the judge, trial judge, considered the old chief stipulation. And the judge said, it's still not good enough. All right? Then the government moved to renew or reconsider the bifurcation. And the judge said, no, we're not going to reconsider. I'm not going to allow that because, again, you're missing this whole concept of prejudice. And that's in the record. And then, at that point, that's when I then asked the judge, okay, well, if you're not going to sever in the alternative, we need to bifurcate under the same logic that you used to bifurcate count 6. Then the judge asked for a response. The response was, well, you need to bifurcate count – you need to reverse your ruling on count 6. And then I then responded to the Court by saying, well, does that mean you're denying our motion to bifurcate count 7? And the Court said, yes, motion to bifurcate count 7 is not going to happen. I'm struggling sort of similarly to what Judge England touched on previously. A lot of times when you're looking at things when a court doesn't have to do something and you're looking for an abuse of discretion, a lot of times I would affirm a district court either way. They have broad discretion to make these type of decisions. And I'm at it in a different way completely. But by the same token, it's – I'm having a hard time saying why – seeing why if someone doesn't do something exactly as you would have them do it when they have the broad discretion to make those things. And it seems to me you really actually prevailed on quite a few things, but not everything. Well, a couple of ways to look at that, Your Honor. So it's just sort of like you're saying, like, you gave me almost everything that you want, and then it becomes inconsistent because you didn't give me the last thing I want. Well, with respect to the first assignment of error, which is the Rule 8a error, it's de novo review. So this Court has the ability to now consider if, once we remove Count 6 from the jury's consideration, is there a Rule 8a violation by keeping Count 7 in. And I would direct the Court to pay attention to the – to the Terry decision – decision, the Jawara decision that says you have to – when you're looking at that and analyzing it, that question, you have to look at the face of the indictment. The government's going to argue that, wait a minute, there's plenty of overlapping evidence when we look at what happened at trial. But that's not the correct analysis. And, in fact, Terry even specifically says what happens at trial doesn't really matter. What you have to look at is, is the commonality discernible from the face of the indictment? And when we look at the indictment, it's a bare-bones indictment when we talk about accusing Mr. Harris of the felon in possession. There is absolutely nothing to connect Count 7 with anything. It was different Well, then, counsel, wait a minute. Excuse me just for a second. Count 7 was regarding the items that were found in the storage locker, correct? Yes. Yes. And one of the items found in the storage locker was an AR-15, the commercial version of the M16, correct? That was one of the firearms, yes. And when you went to the hotel room in Room 1112, one of the things, in addition to the methamphetamine and the heroin that was located, there was also ammunition or a round, which is a .223 round, which is exactly the type of ammunition that would go into an AR-15. That was evidence of that. And heroin and everything else that goes in. And to say that those are completely separate, that's got to be the biggest coincidence in the world, isn't it? Well, the reason I'm saying that, Your Honor, is because in this circuit, as I read the Juar opinion, we don't take a modified approach to determine whether there's a And what you're mentioning, Your Honor, is evidence that was presented at trial. Not evidence, not facts that are discernible from the indictment. There was nothing that linked those firearms with the firearms in Count 6 or the other drug counts from the hotel room from the face of the indictment. Therefore, we don't take this modified approach, unlike some circuits. But the factual issues that you're talking about, they are intertwined. And for the purposes of judicial economy, intertwined. The issues in between the different counts. There are a number of counts here between 1, 2, 3, 4, 5, 6, 7, 8, 9. And they have certain commonality, however. And from the purposes of a district court who's trying to determine what should come in or not, joinder in these cases is generally preferable because it is a judicial economy, if nothing else. And from what I've read in your papers, it appears that you wish the district court to have had three separate trials to deal with these cases. When, in fact, your client is a felon in possession of a firearm. And there are a number of connections that are going back and forth here. And there are sales of methamphetamine and heroin and packaging and scales and everything else. It seems like this should be something that should be wrapped up into one unitary trial for, like, again, like I said, purposes of judicial economy. But also, it just would be able to get this done in a lot more effective and efficient manner than splitting it up into three or almost four, actually, because you wanted to split off the first group into a second part of it. And then you had two and three as well. Well, on the issue of judicial economy, we know that that's not an issue because the judge bifurcated count six. We had a bifurcated proceeding on count six. That lasted minutes. That was the only question. It was a bench trial. The only question on count six was the status of Mr. Harris as being a convicted felon. Now, with respect to, then, the alternative, again, anytime you add a felon in possession count with a drug count, all right, as opposed to maybe adding a felon in possession count with, like, a false statement count or a fraud count, there's going to be a problem of prejudice. There's going to be this inherent question of whether the status of the defendant is going to unduly prejudice the defendant. And therefore, yes. Well, counsel, does that mean, does that mean that whenever there's a 924 count, that it must be bifurcated if there's a drug case or any other type of criminal activity going on? Because obviously, if you're looking at a 924, you're saying you are a felon in possession. So is that your argument, that it has to be bifurcated every time because it is so prejudicial? And as Judge Calhoun mentioned, sometimes things, when you have them in trial, they're asked to be kept out because of their prejudicial value and because the fact is they're too relevant. That's why they're prejudicial. Sure. And with respect to... It's very, very relevant. With respect to the 924C count, that charge is possession of firearm and furtherance of drug trafficking. And I'm not saying in all cases, but certainly the courts encourage in all cases the districts, the district or, I'm sorry, the opinions that we've cited encourage the courts to consider alternatives such as severance, bifurcation, and then sometimes a limiting instruction. In this case, that's exactly what the trial judge did. The trial judge considered the prejudice, made a finding that if the felon in possession count is joined, Mr. Harris would be denied a fair trial, hence bifurcation. With respect to my second assignment of error, what I'm saying is that, well, if you're going to do that with count 6, why not do it with count 7? And the judge didn't give a reason. There was absolutely no reason. The real prejudice... It seems like, though, you're saying, like, if someone's charged with murder, that you should just let the jury know that the person got shot, and then you would stipulate later that they died. So if the jury believed that they shot him, then it was, you know, it's kind of like you can't clean certain things up. Well, I'm not bifurcating the issues. I'm not bifurcating the issues. Like, I'm not asking the court to bifurcate the issue of whether he's a felon or the issue of whether he possessed a firearm. I'm asking the court to bifurcate a count altogether for the judicial economy is not really a big deal, because, again, the only thing that we were concerned about was the status as a convicted felon. That would take minutes. And this is where I want to really focus on in terms of the prejudice, because with respect to the hotel room counts, Mr. Harris was never in actual possession of a firearm. He was never in actual possession of drugs. Several people occupied that hotel room. Several people had constructive possession of the drugs and the firearm. Mr. Harris was the only one that was singled out as being a convicted felon.  And that's the question. How about count two? Count two was from the year prior. And count two was different because that had a witness. You don't contend there's prejudice with respect to the conviction in count two? Well, you know, I'm not really focusing on count two. Count one was the jury hung on count one. That was dismissed. Count two involved a CI coming into court. So in your view, the prejudice was counts three, four, and five? Yeah. Particularly count four and five, because those are the counts that sent Mr. Harris away for ten years. How about counts eight and nine? Count eight and nine, the jury acquitted on the or convicted only on the lesser included of possession, simple possession. The prejudice argument relates to counts eight and nine? It's not. When the jury was hung on that. That's not in place. The only thing that's in play are counts three, four, and five. Count six was bifurcated. Count six was bifurcated. How about count seven? Count seven was — should not have been — it was misjoined. It was misjoined or it wasn't. What if it's not misjoined? What's that? What if it's not misjoined? Well, if it's not misjoined, then it should have been bifurcated. Well, it sort of seems like, but when you mention what happened on the various counts, it's not like this jury decided, okay, because you have a gun, I'm going to convict you of everything. Well, I think what it — You have — you have hanging. You have — you've got various results on different counts. So the counts you have a problem with are the ones that you're convicted on. You don't have a problem with the ones that you hang or that you're acquitted on, right? The ones that I have a problem on are the ones — the counts that have the weakest evidence, where you have several people occupying this one hotel room. The first two counts, quite frankly, surprised me, because you have an informant coming in to testify that I purchased directly from Mr. Harris. Why the jury hung on that, I don't know. The second — the last two counts, the dope in my client's backpack, our defense was going to be that was for personal use anyway. The jury agreed. We have the fundamental problem with the middle counts, the ones in the hotel room where several people occupied that hotel room, where some even admitted to being drug dealers themselves, where there was testimony that this place was a trap house. And that's the weak evidence, I think, what pushed the jury or pushed my client over the cliff, so to speak, is of the bunch who was the only one labeled as a convicted felon. And that's the problem. You got nine seconds left for rebuttal. Thank you. Good afternoon. Charlene Kosky for the United States. And I will start with count seven as well. So, in this case, you have to have manifest prejudice in order for these arguments to succeed. And I'm happy to discuss what actually happened at the — in the record. You know, I would just like to — explain to me the logic behind the district court judge's ruling on count six. So, actually, I think that — Why don't you just bifurcate count seven? Well, I think that — I mean, you seem to — you seem to — whoever was the U.S. attorney on the trial seemed to indicate, you know, there's a little bit of inconsistency here. There is some inconsistency in the record. The record is less than a model of clarity. But I think that when you look at the court's decision, which counsel was discussing at year 66, if you look at that in context of the arguments that defense counsel was making during that hearing, his decision starts to make a little more sense. And I do think — and I'll discuss that in a moment. But I also think that one thing that the record is pretty clear on is that its reasons for bifurcating count six were unrelated to the stipulation. They had to do with the other evidence that might have come in during the trial. Ultimately, that evidence didn't come in. And if you look — But he was very much concerned about being a convicted felon. Well, I don't — I actually don't think that the district court was concerned about that. And I think the fact that they made that argument after he decided to bifurcate six, and still the judge said, no, there's prejudice on six, there's not on seven. And that makes sense if you look at its decision, where it explains the reasons for its decision. When it says — it's discussing the nature of the 404B evidence that might come in, it talks about, okay, we have the drug crimes, we're okay on that. But then we get to the firearm adjacent to drugs. And I find that that's overly prejudicial. And that's because the prior conviction involved the firearm next to drugs. And if you look at what defense counsel argued for during that hearing — and that's at — it begins on ER-64 and goes to ER-66. Counsel suggested — he was arguing about prejudice on count six. And he just stood here and said that, in the end, it didn't take very long to try count six. But when he argued it, it was assuming that if my client — if I testify on six and all this evidence comes in to impeach me, that's going to prejudice me on count five, where I don't want to testify on count five. Now, it could be we get to the end of the trial and my client is acquitted on count five. Then I can still come in on count six and argue that I did not possess the weapon. And all that other stuff can come in, and it doesn't matter because it's a felon of possession charge. Alternatively, what could happen is he could be convicted on count five, in which case bifurcation out six is kind of a non-issue. And what he even says, we'll just submit to the facts for count six because it necessarily would involve conviction for being a felon in possession. And he admits that on ER-65. So I think the district court judge sitting there listening to those arguments responded directly to those arguments. There is some inconsistency in the record. At no point does the district court make a finding that the stipulation itself, that the felony stipulation is the basis for his finding prejudice on count six. And to the contrary, the record suggests that that was not the basis for his finding prejudice on count six. And it wasn't necessary, we maintain that it was not necessary to bifurcate count six in the first place. And we have direct evidence in this case that, like the other cases that are cited in the briefs, like Lopez, Von Willis and Lewis, to the extent that it found no We have a limiting instruction, we have a stipulation, we have evidence, strong evidence supporting his convictions, and we have actual direct evidence that the jury listened to the limiting instruction and applied it because it acquitted Mr. Harris of the intent on count nine. And it didn't reach a verdict on counts one and count eight. So that's evidence that the jury actually heard the limiting instruction, considered each charge in isolation, and did not apply the mere fact that he was a when it considered the other charges that was unrelated to. I would also just emphasize that at trial, the evidence that came in included evidence that Mr. Harris engaged in drug dealing. It included evidence that he was known to have firearms. It included evidence, text messages, people asking him for methamphetamine from that room. I mean, the prejudicial nature of this stipulation was minimal. And on this discretionary, the discretion that the court has in the virtually unreviewable nature of this court's review, I just don't see how he gets to manifest prejudice. Is there anything that we have to review de novo? Because counsel indicated I think it was under 8A, he said. No, because counsel's argument for if this was an eight, if this was a rule eight issue, it would be de novo. But counsel's argument for rule eight is not actually a rule eight issue. The counts were properly joined in the first instance. What he's argued is prejudice based on things that happened later at trial. That's a rule 14 issue and that's abusive discretion. When the court bifurcated count six, it didn't alter the face of the indictment. It didn't change the nature of those, the initial joining. So this is really not a challenge, a rule eight challenge. If it was, it would be de novo. But because it's not, it's abusive discretion. Let me just, I want to make sure I understand, because I kind of, because you acknowledge, even in your brief, you acknowledge the awkwardness of what the district court did. Right. And I just kind of want to make sure I understand your argument. It's that there was some additional evidence with respect to count six. So that would not be presented to the jury if that count were bifurcated? That was just a pretty simple count, right? He was a felon. In possession. Possession. So only the two issues that are at stake there was that he was a felon. That's right. And what he says during argument. What was the other evidence that would have come in? Impeachment evidence. Because what he says at ER 64 is, my argument with respect to count six, being the pistol in the hotel room, is that our defense is not, it's that he had nothing to do with that. The defense is not that he possessed the gun, but it was never intent to use it for drug trafficking. That's not our defense. Our defense is that he's innocent of that accusation. He had nothing to do with the possession. And then he goes on to argue that if he testifies at trial. With the possession of the drugs or possession of the firearm. That's charged in count six. His defense was that he did not possess a firearm. And he goes on to say, so if he testifies at trial with count six being joined, then that evidence is going to come in and the jury's going to hear nature of his prior convictions. But I think, I mean, there's also, he did also argue separately about just based on the stipulation. That's not what he argued during the hearing. That doesn't seem to be what the court was responding to when it bifurcated. But I think at the end of the day, there is no manifest prejudice. So whether you can completely follow what happened and the court's reasoning, I think there's nothing in the record that suggests he found the stipulated felon conviction was prejudicial. And I also think that there's nothing in the record to suggest manifest prejudice. And to the contrary, the evidence is pretty strong that there was no prejudice. Well, the district court seemed to think there would be prejudice if he allowed count six to go forward. Well, but I think that if you look at his explanation for that, he thought there was the potential for prejudice based on the nature of the 404B coming in. Because count six, which he was contesting possession on count six of the firearm. And the nature of his prior conviction was possession of drugs with a firearm. And so, if you look at just how the court explained its reasoning, it's. Right, but so when he gets to count seven, he does let, he does bifurcate. Right, and on count seven, count seven. On count seven, what he tries to do to avoid all this business about prior convictions is he approves a stipulation. Well, he approved a stipulation for the felony that he was a felon. But count seven didn't involve drugs. So I think if you just are trying to analyze what the district court did, which again, at the end of the day, I don't think it really matters. But if you are trying to look at what he did, I think count seven involved only firearms, no drugs. Count six involved firearms with drugs. When the court explained what it was doing, it discussed the fact that the 404B evidence would bring in evidence of firearms with drugs and that that would be over prejudicial on count six. And so, and seven with the overlapping nature of evidence, we have all these other considerations. We don't have, in count seven, we don't have a circumstance where we have drugs next to a firearm like he did in his prior conviction. And I think that's where the district court's head was when he was explaining that. Now, if you follow that down, I mean, there are some inconsistencies. Do you think there would have been, in your view, any prejudice if the district court hadn't done any of that? No, I don't think it was necessary. I think the district court was acting in an overabundance of caution. I think that he bifurcated. It was within his discretion to do so, but I certainly don't think it was necessary to do so. Okay. There are no other questions? We ask that you affirm. If I could do this in ten seconds. You got a minute. Thank you. Thank you, Your Honor. With respect to count six and with respect to count seven, the evidence and the question of issues of possession and firearm were going to come in for the 924C. So the jury was going to hear evidence of possession and evidence of a firearm. All right? And that's for purposes of proving up count five, the 924C. It has nothing to do with the question of felon in possession of a firearm. So if you take away the felon in possession of a firearm, it does nothing to the government's evidence. It does nothing to what they have to do to prove up counts three, four, and five. And we know that because once the case was bifurcated, it lasted minutes. And I'll just end with this. This is what the trial judge said when it came to prejudice. While the court agrees with the proposition, the court concludes that the degree of prejudice under 403 would prevent the defendant from having a fair trial if the evidence from count six, i.e., the status of the defendant as a convicted felon, were to come in with a balance of the allegations. And I think he was focusing on the 924C. Even with the stipulation, meaning the old chief stipulation proposed by the defendant, under the circumstances of the volume of charges, the nature of the charges, and the extent of evidence providing the jury with this additional evidence, status as a convicted felon for this particular count is untenable. That logic had to also be applied to count seven. Okay. Thank you. Thank you, counsel. We appreciate your arguments on this matter, and it's submitted. And we'll be in recess until tomorrow. Thank you very much.
judges: Paez, Callahan, England